## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GRACIELA AYALA, INDIVIDUALLY AS WRONGFUL DEATH BENEFICIARY OF JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, DECEASED, AND GRACIELA AYALA, AS EXECUTRIX OF THE ESTATE OF JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, DECEASED, | § § § § § § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | CIVIL ACTION NO. 5:18-CV-00349 |
| SSC SAN ANTONIO NORTH OPERATING COMPANY LLC D/B/A NORTHGATE HEALTH AND REHABILITATION CENTER, | § § § § § | |
| **Defendants.** | § § | |

---

### DEFENDANT SSC SAN ANTONIO NORTH OPERATING COMPANY LLC D/B/A NORTHGATE HEALTH AND REHABILITATION CENTER'S NOTICE OF REMOVAL

---

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center ("Defendant") hereby removes the above-styled action to this Court from the 73rd Judicial District Court of Bexar County, Texas, by filing this Notice and by filing a copy of this Notice in the 73rd Judicial District Court of Bexar County, Texas.

Defendant is the only Defendant in this case and, as such, need not procure the consent of any other party.  In support hereof, Defendant states as follows:

1.       This action is being removed pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

2.       Plaintiff Graciela Ayala, Individually as Wrongful Death Beneficiary of Johnnie Ortegon a/k/a Juan Jose Ortegon, Deceased, and Graciela Ayala, as Executrix of the Estate of Johnnie Ortegon a/k/a Juan Jose Ortegon, Deceased, commenced this action on March 13, 2018 by filing a Plaintiff's Original Petition and Request for Disclosure in the 73rd Judicial District Court of Bexar County, Texas, styled *Graciela Ayala, Individually as Wrongful Death Beneficiary of Johnnie Ortegon a/k/a Juan Jose Ortegon, Deceased, and Graciela Ayala, as Executrix of the Estate of Johnnie Ortegon a/k/a Juan Jose Ortegon, Deceased v. SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center*; Cause No. 2018CI04718 ("State Court Action").   A copy of the docket sheet and all other process, pleadings, and orders served on Defendant and on file in the State Court Action (in addition to Defendant's Answer) are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

3.       Defendant was served with process on March 20, 2018, as indicated in the Service of Process Transmittal and Citation included in **Exhibit A**.

4.       This is a proceeding in which Plaintiff alleges negligence against Defendant, arising from and concerning the provision of healthcare to Plaintiff's decedent, Johnnie Ortegon a/k/a Juan Jose Ortegon, while he was a resident at Northgate Health and Rehabilitation Center, a skilled nursing facility.

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(2)(B) in that Defendant is removing within thirty (30) days of receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."

6.      This case is being removed from the 73rd Judicial District Court of Bexar County, Texas.  Pursuant to 28 U.S.C. § 1446(d), the Defendant will promptly serve a copy of this Notice of Removal upon counsel for the Plaintiff and will promptly file a copy of the same with the District Clerk of the 73rd Judicial District Court of Bexar County, Texas.

## JURISDICTIONAL FACTS, ARGUMENT AND AUTHORITY DEMONSTRATING REMOVAL IS PROPER

7.      Upon information and belief, at all times relevant to the Plaintiff's petition, Plaintiff's decedent was a citizen and resident of Texas.  Upon information and belief, the named Plaintiff is also a citizen and resident of Texas.  Upon information and belief, all Plaintiffs are citizens and residents of Texas. *See Plaintiff's Petition,* ¶¶ 1-2.

8.      At the time of commencement of this proceeding and at all times at issue, Defendant SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center was and is a limited liability company organized and existing under the laws of Delaware.  A limited liability company is assigned the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

9.      The sole member of Defendant SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center is SSC Special Holdings LLC.  For federal diversity jurisdiction purposes, the citizenship of Defendant must therefore be determined by the citizenship of its sole member, SSC Special Holdings LLC.

10.     At the time of commencement of this proceeding and at all times at issue, SSC Special Holdings LLC was and is a limited liability company organized and existing under the laws of Delaware.  The sole member of SSC Special Holdings LLC was and is Special Holdings Parent Holdco, LLC.

11.     At the time of commencement of this proceeding and at all times at issue, Special Holdings Parent Holdco, LLC was and is a limited liability company organized and existing under the laws of Delaware.  The sole member of Special Holdings Parent Holdco, LLC was and is SavaSeniorCare LLC.

12.     At the time of commencement of this proceeding and at all times at issue, SavaSeniorCare LLC was and is a limited liability company organized and existing under the laws of Delaware.  The sole member of SavaSeniorCare LLC was and is Proto Equity Holdings, LLC.

13.     At the time of commencement of this proceeding and at all times at issue, Proto Equity Holdings, LLC was and is a limited liability company organized and existing under the laws of Delaware.

14.     The sole member of Proto Equity Holdings, LLC is Terpax, Inc., a Delaware corporation with its principal place of business in the states of Georgia and Tennessee.  For the purposes of establishing federal diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c).

15.     Accordingly, for federal jurisdiction purposes, Proto Equity Holdings, LLC is a citizen of Delaware, Georgia and Tennessee given that its sole member, Terpax, Inc. is a Delaware corporation with its principal place of business in Georgia and Tennessee.  As a result, SavaSeniorCare LLC is also a citizen of Delaware, Georgia and Tennessee, as its sole member, Proto Equity Holdings, LLC is a citizen of Delaware, Georgia and Tennessee.

16.     Further, Special Holdings Parent Holdco, LLC is also a citizen of Delaware, Georgia and Tennessee, as its sole member, SavaSeniorCare LLC is a citizen of Delaware, Georgia and Tennessee.

17.     Further, SSC Special Holdings LLC is also a citizen of Delaware, Georgia and Tennessee, as its sole member, Special Holdings Parent Holdco, LLC is a citizen of Delaware, Georgia and Tennessee.

18.     As a result, Defendant SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center is also a citizen of Delaware, Georgia and Tennessee, as its sole member, SSC Special Holdings LLC is a citizen of Delaware, Georgia and Tennessee.

19.     Complete diversity of citizenship exists between the Plaintiffs and Defendant pursuant to 28 U.S.C. § 1332, as Plaintiffs and Defendant are citizens of different states.

20.     Venue lies in this Court, i.e., the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court in the 73rd Judicial District Court of Bexar County, Texas, located within the Western District of Texas, San Antonio Division.  Venue therefore is proper in

this Court because it is in the "district and division embracing the place where such action is pending." *Id.*

21.    Plaintiff's Petition alleges that the negligent acts and omissions by Defendant were the proximate cause of the death of Plaintiff's decedent.  These proceedings are of a civil nature and involve a controversy wholly between citizens of different states.  The value of the matter in dispute in said cause, upon information and belief, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, as appears from the allegations contained in Plaintiff's Petition.  Plaintiff seeks punitive damages and actual damages from Defendant, including damages for physical pain, suffering and mental anguish, funeral and burial expenses, medical and hospital expenses, loss of companionship and society, and punitive damages.  *See* Plaintiff's Petition, Pages 7-8.  In light of the allegations alleged by Plaintiff, it is sufficiently probable and/or certain that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## **PRAYER**

**WHEREFORE**, Defendant SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center asks this Court to remove the action referred to as *Graciela Ayala, Individually as Wrongful Death Beneficiary of Johnnie Ortegon a/k/a Juan Jose Ortegon, Deceased, and Graciela Ayala, as Executrix of the Estate of Johnnie Ortegon a/k/a Juan Jose Ortegon, Deceased v. SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center*;  Cause No. 2018CI04718 and filed in the 73rd Judicial District Court of Bexar County, Texas.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**


By: _/s/ Lori D. Proctor_
      Lori D. Proctor, Esq.
      State & Fed. Bar Nos. 16682400
      909 Fannin St., Suite 3300
      Houston, TX 77010
      (713) 353-2000 – Phone
      (713) 785-7780 – Facsimile
      Lori.Proctor@wilsonelser.com

      *Counsel for Defendant*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 18th day of April, 2018 the foregoing was served upon the following via the U.S. District Court E-Filing system and regular U.S. Mail:

Michelle Maloney             Michelle@marynellmaloneylawfirm.com
Marynell Maloney Law Firm, PLLC   (210) 212-8385 – Facsimile
922 South Alamo St.
San Antonio, Texas 78205


          _/s/ Lori D. Proctor_
            Lori D. Proctor, Esq.