

GERARD C. RICKHOFF                    DONNA KAY McKINNEY

## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2018CI04718

**Name**: GRACIELA AYALA

**Date Filed** : 03/13/2018

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 073

**Docket Type** : MALPRACTICE-MEDICAL

**Business Name** :

**Style** : GRACIELA AYALA ET AL

**Style (2)** : vs SSC SAN ANTONIO NORTH OPERATING COMPANY LLC

**EXHIBIT**

**A**
tabbies'

# Case History

*Currently viewing 1 through 8 of 8 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00007 | 4/17/2018 | ATTORNEY UNAVAILABILITY NOTICE FILED FOR CHRIS HERNANDEZ |
| P00006 | 4/17/2018 | ATTORNEY UNAVAILABILITY NOTICE FILED FOR MICHELLE MALONEY |
| P00005 | 4/12/2018 | ORIGINAL ANSWER OF SSC SAN ANTONIO NORTH OPERATING COMPANY LLC D/B/A NORTHGATE HEALTH AND REHABILITATION CENTER |
| P00004 | 4/12/2018 | JURY DEMAND JURY FEE PAID |
| S00001 | 3/15/2018 | CITATION SSC SAN ANTONIO NORTH OPERATING COMPANY LLC ISSUED: 3/15/2018 RECEIVED: 3/20/2018 EXECUTED: 3/20/2018 RETURNED: 3/21/2018 |
| P00003 | 3/13/2018 | SERVICE ASSIGNED TO CLERK 2 |
| P00002 | 3/13/2018 | JURY FEE PAID |
| P00001 | 3/13/2018 | PETITION WITH JURY DEMAND |

FILED
3/13/2018 5:38 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

CIT/PPS W/JD SAC2

CAUSE NO. **2018CI04718**

| | | |
|---|---|---|
| GRACIELA AYALA, Individually as Wrongful Death Beneficiary of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, Deceased, and GRACIELA AYALA, as Executrix of the Estate of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, Deceased, | § § § § § § § | IN THE DISTRICT COURT |
| **PLAINTIFF,** | § | |
| VS. | § § | **73RD** ___ JUDICIAL DISTRICT |
| SSC SAN ANTONIO NORTH OPERATING COMPANY LLC D/B/A NORTHGATE HEALTH AND REHABILITATION CENTER, | § § § § | |
| **DEFENDANTS.** | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, GRACIELA AYALA, Individually as Wrongful Death Beneficiary of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, Deceased, and GRACIELA AYALA, as Executrix of the Estate of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, Deceased (hereinafter "Plaintiff"), files this Plaintiff's Original Petition and Request for Disclosure complaining of SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center, and for cause of action shows the Court the following:

### I. Discovery Control Plan

1. Pursuant to Tex.R.Civ.P. § 190.1, Plaintiff intends to conduct discovery under Level 3.

### II. Parties

2. Plaintiff GRACIELA AYALA is an individual residing in Bexar County, Texas and is the daughter of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, deceased. Plaintiff brings suit under the Texas Wrongful Death Statute.

3. Plaintiff GRACIELA AYALA is the Executrix of the Estate of JOHNNIE ORTEGON

A/K/A JUAN JOSE ORTEGON and brings suit under the Texas Survival Statute.

4.  SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center (hereinafter "Northgate") is a Limited Liability Company that may be served with process by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

### III. Chapter 74 Notice

5.  Pursuant to Sections 74.051 and 74.052 of the Texas Civil Practice and Remedies Code, Plaintiff provided notice to the Defendants of the healthcare liability claims made the subject of this action. As such, the applicable statute of limitations has been tolled and includes a period of 75 days following the giving of the notice, and the tolling applies to all parties and potential parties to this action. *See* TEX. CIV. PRAC. & REM. CODE §74.051(c).

### IV. Venue and Jurisdiction

6.  Venue is proper in Bexar County because a substantial part of the events or omissions giving rise to the claims occurred in Bexar County, and Defendant Northgate's principle office is located in Bexar County.

7.  This Court has jurisdiction because the claims and causes of action herein have resulted in damages to Plaintiff within the jurisdictional limits of this Court and arise under the statutory and common law of the State of Texas. Plaintiff is prohibited by Tex. Civ. Prac. & Rem. Code §74.053 from specifying the amount claimed in damages. As such, Plaintiff is not required to meet the requirements of newly amended Tex. R. Civ. Proc. 47(c) and hereby informs the court and Defendant that, pursuant to Tex. R. Civ. Proc. 169(a)(2), the expedited actions process does not apply to a suit in which a party had filed a claim governed by Chapter 74 of the Civil Practice & Remedies Code.

## IV. Causes of Action

### A. Background

8. At the age of 95, JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON was dependent on Northgate for assistance with his activities of daily living. During the time that Mr. Ortegon was a vulnerable, elderly resident of Northgate, Defendant failed to properly and timely render appropriate nursing care, and failed to ensure that he was free from neglect.

9. During his admission to Northgate, Mr. Ortegon used a wheelchair for mobility and was at risk for falls, wandering and elopement. Not only was Mr. Ortegon at risk for falls, wandering and elopement, he was at risk for severe injury should he fall, wander or elope. Adequate Care Plans were required to have been developed by Northgate because of Mr. Ortegon's risk factors. Despite awareness of his risk factors, Northgate failed to provide adequate supervision and implement interventions to prevent Mr. Ortegon from eloping, falling and suffering fall related injuries and failed to provide adequate supervision and implement interventions to prevent Mr. Ortegon from decline as a result of neglect.

10. On August 12, 2017, Mr. Ortegon was permitted to elope from Northgate and fell out of his wheelchair into the roadway resulting in severe head and facial injuries. Mr. Ortegon was discovered in the roadway by a passerby, who notified the Northgate staff. Prior to being notified by a passerby, Northgate staff were unaware that Mr. Ortegon was even missing from the facility. EMS transported Mr. Ortegon to University Hospital due to the severity of his trauma injuries, where he was diagnosed with left front subdural hematoma (brain bleed), facial fractures including left front bone fractures extending into the superlateral orbital rim, left lateral orbital all, interior orbital fissure, and left

maxillary sinus lateral/posterior wall fractures with depressed left zygomatic arch fractures.

11. Defendant Northgate then failed to report Mr. Ortegon's fall — which was a violation involving abuse, neglect or mistreatment including injuries of unknown source that result in serious bodily injury — to the state survey agency. This deficient practice placed not just Mr. Ortegon but all 47 residents of Northgate who used wheelchairs for mobility and 5 residents who used wander guards at risk.

12. Mr. Ortegon died on November 4, 2017. The Bexar County Medical Examiner's office determined that "blunt trauma injuries due to reported fall from wheelchair" at Northgate on August 12, 2017, was a significant condition contributing to his death. The manner of his death determined to be "accident."

**B. Negligence of Northgate**

13. At the time of the care made the basis of this lawsuit, the registered nurses ("RNs"), licensed vocational nurses ("LVNs"), certified nursing assistants ("CNAs"), and other healthcare providers, excluding physicians, but specifically including other staff providing care to Mr. Ortegon at Northgate were employees of Northgate working within the course and scope of their employment with Northgate.  As such, Northgate is responsible for all of the nursing and other staff's negligent acts and/or omissions under the theory of *respondeat superior* and vicarious liability.

14. The Northgate employees were negligent in the care and treatment of Mr. Ortegon, and their negligence was a proximate cause of the damages suffered by Plaintiff. In that regard, Northgate is liable for its staff's breaches of the applicable standard of care, e.g. Northgate was negligent because its staff failed to care for Mr. Ortegon in a reasonable and prudent fashion. The nursing staff specifically breached the standard of care in that a)

they failed to provide Mr. Ortegon with a safe environment; b) failed to adequately communicate with and supervise Mr. Ortegon; and c) failed to ensure Mr. Ortegon could not exit the facility without supervision.  As a result of these breaches of the standard of care, Mr. Ortegon eloped from the facility, fell out of his wheelchair into the road and suffered head injuries and facial fractures. Northgate's negligent acts or omissions were a proximate cause of Mr. Ortegon's injuries, death and the damages sought herein

15. During the period of time that Mr. Ortegon was a resident of Northgate, the Defendant failed to provide adequate care to him and protect his safety. The Defendant failed to properly and timely render appropriate nursing care, and failed to ensure that Mr. Ortegon was free from neglect.

16. By failing to protect Mr. Ortegon's safety and failing to properly and timely render appropriate medical and nursing care, and failing to ensure that Mr. Ortegon was free from neglect, the Defendant Northgate was negligent.  Such negligence was a proximate cause of damages to Plaintiff, including extreme pain, suffering, permanent debility, mental anguish and death. Had there been sufficient nursing staff and sufficiently trained nursing staff who followed proper techniques, and adequate policies and procedures, Mr. Ortegon would not have eloped and fallen into the road. Further, Mr. Ortegon would not have suffered the extreme pain and fear that accompanies multiple fractures, head injury and decline into death.

17. Defendant Northgate had a duty to exercise such reasonable care for the safety and well-being of Mr. Ortegon, as his known mental and physical conditions required. Defendant breached this duty.  Further, Defendant had a duty to provide medical/nursing care and treatment to Mr. Ortegon within the recognized and accepted standards of care for a

nursing home facility, and Defendant breached this duty by failing to timely, properly, and adequately care for Mr. Ortegon.

18. Additionally, Defendant was negligent and grossly negligent in the management and operation of Defendant facility, Northgate, by: failing to provide adequate training, personnel, nursing and administrative policies and procedures, and supervisory oversight of employees; failing to ensure that appropriate decisions were made pertaining to staffing and quality of care issues for the residents of Defendant facility. Had the staff of the Defendant facility been adequately trained, Mr. Ortgeon would not have suffered – and died from – his injuries. Defendant had actual subjective awareness that the failure to properly train employees and adequately staff the facility involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the facility's residents, and nevertheless proceeded with conscious indifference to the rights, safety, and welfare of its residents.

19. Defendant failed to ensure that violations involving abuse, neglect or mistreatment including injuries of unknown source that result in serious bodily injury were report to the state survey agency.

20. Further, Defendant, having control over all management, budgetary, and financial matters affecting Defendant facility ignored the needs of the residents of Defendant facility, and ignored the need for resources necessary to provide essential care at said nursing home facility. Defendant had actual subjective awareness that the failure to utilize the resources necessary to provide essential care at the facility involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the facility's residents, and nevertheless proceeded with conscious indifference to the rights, safety, and welfare of its residents. These acts and/or omissions, whether taken singularly or in

combination, constitute negligence and gross negligence. Such negligence and gross negligence by the Defendant, as the governing body of Defendant facility, and the failure of Defendant to honor its obligation to use the resources of Defendant facility, to effectively and efficiently attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as set forth in Tex. Admin. Code Ann. § 19.901, resulted in Mr. Ortegon's injuries, decline, suffering, and death, and that such negligence and gross negligence was a direct and proximate cause of the injuries suffered by the Plaintiff herein, for which Plaintiff seeks recovery herein.

## V. Damages

21. The damages directly and proximately caused by the negligence of Defendant for which the Plaintiff sues include:

    a.  Physical pain, suffering and mental anguish of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, deceased;

    b.  Funeral and burial expenses incurred on behalf of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, deceased;

    c.  Medical and hospital expenses incurred in connection with care and treatment of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, deceased;

    d.  The mental anguish sustained in the past, and that, in reasonable probability, will be sustained in the future, by Plaintiff, GRACIELA AYALA, Individually as Wrongful Death Beneficiary, as the result of the death of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON;

    e.  The loss of companionship and society sustained in the past, and that, in reasonable probability, will be sustained in the future by Plaintiff, GRACIELA AYALA as the result of the death of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON;

f.   Punitive damages;

g.   Pre-judgment and post-judgment interest as permitted by law; and

h.   All such other damages permitted by law.

## VI. Jury Demand

22. Plaintiff hereby demands a trial by jury on all issues herein and pay the requisite jury fee.

## VII. Chapter 74 Damage Caps Unconstitutional

23. To the extent that Defendant intends to attempt to rely upon Sections 74.301, 74.302, or 74.303 of the Texas Civil Practice & Remedies Code to limit Plaintiff's recovery of non-economic damages, Plaintiff contends that the limitations imposed by those statutory provisions are unconstitutional in that they violate the right to jury trial guaranteed by the United States and Texas Constitutions.

## VIII. Chapter 74 Expert Report Requirement Unconstitutional

24. To the extent that Defendant attempts to rely upon Section §74.351 of the Texas Civil Practice & Remedies Code to try to obtain a dismissal of this case because Plaintiff's initial Section 74.351 report failed to address all theories of liability asserted in this petition, Plaintiff contends the restrictions on discovery and the expert report requirement imposed by Section §74.351 of the Texas Civil Practice & Remedies Code are unconstitutional because they deny Plaintiff due process to the extent they require a report but do not allow Plaintiff the right to conduct the discovery necessary to prepare the report. *See Societe Internationale v. Rogers*, 357 U.S. 197, 209–210, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (holding that a statute that authorizes dismissal of an action because of the noncompliance with a procedural rule with which the party cannot comply renders the statute unconstitutional on due process grounds).

### IX. Notice of Intention to Take Oral Video Depositions

25. By filing this petition Plaintiff puts Defendant on notice of her intention to take the oral/video depositions of Defendant and its employees and administrators as soon as possible and accordingly request that counsel for Defendant immediately contact Plaintiff's counsel to set up mutually convenient dates and times for the taking of the Defendant's witness depositions. Plaintiff hereby specifically request the depositions of the staffing coordinator, nurse who was responsible for Mr. Ortegon during the morning shift on August 12, 2017, the employee who was informed by passerby that Mr. Ortegon was lying in the roadway, Director of Nursing, and Administrator (as referenced on page 4 of the Department of Health and Human Services Investigation Report, attached hereto as Exhibit A) of the facility in August of 2017, ADON A (as referenced on pages 3 and 4 of Exhibit A, and LVN B (as referenced on page 4 of Exhibit A) .

### PRAYER

Wherefore, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon full jury trial herein, Plaintiff has judgment against Defendant as alleged, together with pre and post judgment interests at the highest legal rate, costs of the Court, and for such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

MARYNELL MALONEY LAW FIRM, PLLC
922 South Alamo St.
San Antonio, Texas 78205
Telephone: (210) 212-8000
Facsimile: (210) 212-8385

By: /s/ Michelle M. Maloney
MICHELLE MALONEY, State Bar No. 24069099
michelle@marynellmaloneylawfirm.com
**ATTORNEY FOR PLAINTIFFS**

# EXHIBIT A

DEPARTMENT OF HEALTH AND HUMAN SERVICES
CENTERS FOR MEDICARE & MEDICAID SERVICES

Date Printed: 09/05/2017   2:23:29PM
FORM APPROVED
OMB NO. 0938-0391

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: 455804 | (X2) MULTIPLE CONSTRUCTION A. BUILDING _____ B. WING _____ | (X3) DATE SURVEY COMPLETED C 08/21/2017 |
|---|---|---|---|

NAME OF PROVIDER OR SUPPLIER

NORTHGATE HEALTH AND REHABILITATION CENTER

STREET ADDRESS, CITY, STATE, ZIP CODE
6757 N KNOLL
SAN ANTONIO, TX  78240

received
4/3/1

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETION DATE |
|---|---|---|---|---|
| F 000 | INITIAL COMMENTS | F 000 | | |
| | Purpose of Visit: Complaint Investigation. | | | |
| | # 873018 - TX#00267231 | | | |
| | Exit date: 8/21/2017 | | | |
| | Census: 68 | | A.The Administrator immediately completed an investigation on the incident and reported findings to the surveyor during the complaint visit. | |
| F 224 SS=E | 483.12(b)(1)-(3) PROHIBIT MISTREATMENT/NEGLECT/MISAPPROPRIATN | F 224 | | |
| | §483.12 The resident has the right to be free from abuse, neglect, misappropriation of resident property, and exploitation as defined in this subpart. This includes but is not limited to freedom from corporal punishment, involuntary seclusion and any physical or chemical restraint not required to treat the resident's symptoms. | | B.The facility assessed the 47 residents in wheelchairs and the 5 residents with wanderguards and found no other residents affected. | |
| | 483.12(b) The facility must develop and implement written policies and procedures that: | | C.The Director of Nursing completed training with all staff on reporting all incidents of elopement and all incidents involving serious injury to the administrator immediately. The District Director of Clinical Services completed training with the Director of Nursing and Administrator and Abuse and Neglect Reporting guidelines. The Director of Nursing/Designee will review all incident reports and 24 hour Reports daily during morning meeting to ensure all serious injuries and elopements have been reported to administrator timely. | |
| | (b)(1) Prohibit and prevent abuse, neglect, and exploitation of residents and misappropriation of resident property, | | | |
| | (b)(2) Establish policies and procedures to investigate any such allegations, and | | | |
| | (b)(3) Include training as required at paragraph §483.95. This REQUIREMENT is not met as evidenced by: | | | |
| | Based on interview and record review the facility failed ensure that alleged violations involving abuse, neglect or mistreatment including injuries of unknown source that result in serious bodily injury are reported to the state survey agency | | | |

| LABORATORY DIRECTOR'S OR PROVIDER/SUPPLIER REPRESENTATIVE'S SIGNATURE | TITLE Administrator | (X6) DATE 9/11/17 |
|---|---|---|

Any deficiency statement ending with an asterisk (*) denotes a deficiency which the institution may be excused from correcting providing it is determined that other safeguards provide sufficient protection to the patients. (See instructions.) Except for nursing homes, the findings stated above are disclosable 90 days following the date of survey whether or not a plan of correction is provided. For nursing homes, the above findings and plans of correction are disclosable 14 days following the date these documents are made available to the facility. If deficiences are cited, an approved plan of correction is requisite to continued program participation.

 

DEPARTMENT OF HEALTH AND HUMAN SERVICES
CENTERS FOR MEDICARE & MEDICAID SERVICES

Date Printed: 09/05/2017   2:23:30PM
FORM APPROVED
OMB NO. 0938-0391

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1)  PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | 455804 | A. BUILDING _____ B. WING _____ | C 08/21/2017 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| NORTHGATE HEALTH AND REHABILITATION CENTER | 5757 N KNOLL SAN ANTONIO, TX  78240 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETION DATE |
|---|---|---|---|---|
| F 224 | Continued From page 1 | F 224 | | |
| | within 5 working day for 1 (#3) of 5 residents reviewed for abuse reporting. | | D.The QAPI committee will meet monthly to review compliance with this plan. The Administrator/Designee will report any trends identified to the committee and a performance improvement plan will be implemented | 9/11/17 |
| | Resident #3 had a fall outside of the facility while in his wheelchair and sustained serious bodily injury that required hospitalization and this serious injury was not reported to the state survey agency within 5 working days. | | | |
| | This deficient practice placed 47 resident who used wheelchairs for mobility and 5 residents who used wander guards and could result in incident of abuse or neglect not being reported to DADS. | | | |
| | The findings include: | | | |
| | Record review of Resident #3's undated face sheet revealed an initial admission date of   07/27/2011 and included diagnoses that included hypertensive heart disease; unspecified atrial fibrillation; cognitive communication deficit; chronic kidney disease; hyperlipidemia; malignant neoplasm of prostrate; other lack of coordination; unspecified dementia without behavioral disturbance; dementia in other disease classified elsewhere without behavioral disturbances; muscle weakness; hypothyroidism; constipation; other polyarthritis; bullous pemphigoid; major depressive disorder, recurrent, unspecified; other malaise; presence of cardiac pacemaker; anemia, unspecified; Vitamin D deficiency; Vitamin B deficiency; and contracture. | | | |
| | Record review of Resident #3 MDS dated 5/27/17 revealed a BIMS (Brief Interview of Mental Status) score of zero (indicating cognitively impaired for daily decision making) according to the MDS performed 5/27/2017.   Resident #3 required a wheelchair for mobility.. | | | |



DEPARTMENT OF HEALTH AND HUMAN SERVICES
CENTERS FOR MEDICARE & MEDICAID SERVICES

Date Printed: 09/05/2017   2:23:30PM
FORM APPROVED
OMB NO. 0938-0391

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER:<br><br>455804 | (X2) MULTIPLE CONSTRUCTION<br>A. BUILDING _____<br><br>B. WING _____ | (X3) DATE SURVEY COMPLETED<br><br>C<br>08/21/2017 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER<br><br>**NORTHGATE HEALTH AND REHABILITATION CENTER** | STREET ADDRESS, CITY, STATE, ZIP CODE<br>5757 N KNOLL<br>SAN ANTONIO, TX  78240 |
|---|---|

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETION DATE |
|---|---|---|---|---|
| F 224 | Continued From page 2<br><br>Record review of Resident #3's care plan dated 06/07/2017 revealed Resident #3 was not at risk for elopement.<br><br>Record review of the Physician's Consolidated Orders for Resident #3 dated 8/2017 revealed no order for a wander guard (an electronic device worn to detect an alarm that a resident is leaving the building).<br><br>Record review of the Nurses Notes dated 08/12/2017 revealed that Resident #3 wheeled himself out of the facility and was found by a passerby in the street near the entrance to the Facility.   The passerby reported this to the facility at approximately 8:12 a.m.<br><br>Record review of the Nurses Notes revealed late entry 8/12/2017 at 8:12 a.m. revealed indicating "Staff alerted this nurse that resident had fallen outside and was laying in road.   This nurse and CNA ran outside and found resident lying by curb. Resident assessed-bleeding noted to left side of forehead, nose, and eyebrow.   Resident responding to staff when questions asked."   The Nurses Note further stated "911 called and notified of resident situation." "Family called and message left for return call.<br><br>Record review on Nurses Note dated 8/12/2017 at 8:57 a.m. revealed "EMS here and transported resident to hospital. Received call back from daughter and explained situation."<br><br>During an interview on 8/18/17 at 10:45 a.m. with the ADON revealed that at the time of the incident Resident #3 was brought back into the facility in his wheelchair and placed in his bed.   The ADON | F 224 | | |

 

DEPARTMENT OF HEALTH AND HUMAN SERVICES
CENTERS FOR MEDICARE & MEDICAID SERVICES

Date Printed: 09/05/2017   2:23:30PM
FORM APPROVED
OMB NO. 0938-0391

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1)  PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER:<br><br>455804 | (X2) MULTIPLE CONSTRUCTION<br>A. BUILDING _____<br>B. WING _____ | (X3) DATE SURVEY COMPLETED<br><br>C<br>08/21/2017 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER<br><br>NORTHGATE HEALTH AND REHABILITATION CENTER | STREET ADDRESS, CITY, STATE, ZIP CODE<br>5767 N KNOLL<br>SAN ANTONIO, TX  78240 |
|---|---|

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETION DATE |
|---|---|---|---|---|
| F 224 | Continued From page 3 | F 224 | | |
| | further stated an assessment was conducted and emphasized this was the first time Resident #3 had wandered off the facility property. | | | |
| | During an interview on 8/18/2017 at 2:25 p.m. with LVN B revealed orders received to transport to hospital to evaluate and treat resident #3 and the ambulance arrived a transported Resident #3 at 8:57 a.m. | | | |
| | During an interview on 8/18/2017 at 10:45 a.m. with ADON A she said Resident #3 had not demonstrate exit seeking behaviors. | | | |
| | During an interview on 8/18/2017 at 10:45 a.m. with the Facility Administrator he confirmed that he did not complete an investigation regarding the incident involving Resident #3's fall and he did not report the incident to DADS. | | | |
| | Review of facility's undated Abuse & Neglect policy revealed that if a resident eloped the Administrator, DON or a designee will notify the state agency, if required. | | | |
| | Provider Letter No. 17-18 dated 5/3/17 - Abuse, Neglect, Exploitation, Misappropriation of Resident Property, and Other Incidents that Must Be Reported to the Texas Department of Aging and Disability Services (DADS) (Replaces PL 14-13). Page 2 provides guidance as follows: "A certified NF must ensure that all alleged violations of neglect are reported to the NF administrator and to other officials in accordance with Texas law no later than two hours after the allegation is made, if the events that cause the allegation result in serious bodily injury." | | | |
| | Information provided by the facility indicated 47 | | | |

DEPARTMENT OF HEALTH AND HUMAN SERVICES
CENTERS FOR MEDICARE & MEDICAID SERVICES

Date Printed: 09/05/2017   2:23:30PM
FORM APPROVED
OMB NO. 0938-0391

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | 465804 | A. BUILDING _____  B. WING _____ | C 08/21/2017 |

NAME OF PROVIDER OR SUPPLIER

**NORTHGATE HEALTH AND REHABILITATION CENTER**

STREET ADDRESS, CITY, STATE, ZIP CODE
5757 N KNOLL
SAN ANTONIO, TX  78240

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETION DATE |
|---|---|---|---|---|
| F 224 | Continued From page 4  resident who used wheelchairs for mobility and 5 residents who used wander guards. | F 224 | | |

 CT Corporation

**Service of Process Transmittal**
03/20/2018
CT Log Number 533003667

TO:     Melita Hobby, Administrative Assistant
        SavaSeniorCare, LLC
        1 Ravinia Dr Ste 1500
        Atlanta, GA 30346-2115

RE:     **Process Served in Texas**

FOR:    SSC San Antonio North Operating Company LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GRACIELA AYALA, etc., et al., Pltfs. vs. SSC SAN ANTONIO NORTH OPERATING COMPANY LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 73rd Judicial District Court Bexar County, TX<br>Case # 2018CI04718 |
| **NATURE OF ACTION:** | Wrongful Death - Failure to Maintain Premises in a Safe Condition - 08/12/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/20/2018 at 14:00 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By or Before 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Michelle M. Maloney<br>MARTNELL MALONEY LAW FIRM, PLLC<br>922 South Alamo St<br>San Antonio, TX 78205<br>210-212-8000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/22/2018, Expected Purge Date: 03/27/2018<br><br>Image SOP<br><br>Email Notification, Wynn Sims  wgsims@SavaSC.com<br><br>Email Notification, Melita Hobby  mlhobby@savasc.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / CJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

PRIVATE PROCESS

Case Number: 2018-CI-04718

2018CI04718 S00001

**GRACIELA AYALA ET AL**
**VS.**
**SSC SAN ANTONIO NORTH OPERATING COMPANY LLC**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   SSC SAN ANTONIO NORTH OPERATING COMPANY LLC D/B/A NORTHGATE
HEALTH AND REHABILITATION CENTER

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

DELIVERED THIS 20 DAY OF Mar 2018
AT: 2:00 AM/PM
BY:
PROFESSIONAL CIVIL PROCESS
INITIALS: ___ LIC# 1705

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUEST FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  was filed on the 13th day of March, 2018.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF MARCH A.D., 2018.

MICHELLE MARIANNA MALONEY
ATTORNEY FOR PLAINTIFF
922 S ALAMO ST
SAN ANTONIO, TX 78205-3419



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Maria J Abilez*, Deputy

---

GRACIELA AYALA ET AL
VS
SSC SAN ANTONIO NORTH OPERATING COMPANY LLC

**Officer's Return**

Case Number: 2018-CI-04718
Court:  73rd Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or (  ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas
By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
4/12/2018 2:41 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Cynthia Gonzales

Case 5:18-cv-00349-DAE   Document 1-1   Filed 04/18/18   Page 20 of 29

CAUSE NO. 2018CI04718

| | | |
|---|---|---|
| GRACIELA AYALA, Individually as Wrongful Death Beneficiary of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, Deceased, and GRACIELA AYALA, as Executrix of the Estate of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, Deceased, | § § § § § § § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § | |
| VS. | § § | 73RD JUDICIAL DISTRICT |
| SSC SAN ANTONIO NORTH OPERATING COMPANY LLC D/B/A NORTHGATE HEALTH AND REHABILITATION CENTER, | § § § § § | |
| DEFENDANT. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT SSC SAN ANTONIO NORTH OPERATING COMPANY LLC D/B/A NORTHGATE HEALTH AND REHABILITATION CENTER'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

COMES NOW, SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center, the Defendant in the above-referenced and styled case, and makes the following Original Answer to Plaintiff's Original Petition, and in support thereof, shows the Court the following:

### I.
### GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Defendant generally denies each and every allegation in the Plaintiff's Original Petition and demands strict proof thereof as required by the Texas Rules of Civil Procedure and Evidence, and pursuant to the laws and Constitution of the State of Texas, and further reserves the right to plead further and in greater particularity as permitted by law.

## II.
## DEFENSES

Defendant asserts that this Court does not have jurisdiction over this matter because this matter should be referred to mediation and/or arbitration in accordance with a Dispute Resolution Program (i.e., Arbitration Agreement) between the parties.  Defendant hereby asserts and preserves its right to arbitration in this matter.

## III.
## VERIFIED DENIAL

Subject to and without waiving the foregoing General Denial, Defendant asserts that Plaintiff Graciela Ayala is at least partially not entitled to recover in the capacity in which she sues.  Specifically, Plaintiff Graciela Ayala alleges that she is entitled to recover "as Executrix of the Estate of Johnnie Ortegon a/k/a Juan Jose Ortegon, Deceased."  Plaintiff's petition does not affirmatively demonstrate such capacity.  The personal representative, i.e., the executor or administrator, of the estate of a decedent is ordinarily the only person entitled to sue on its behalf.  Defendant demands strict proof of such capacity as required by the Texas Rules of Civil Procedure and Evidence, and pursuant to the laws and Constitution of the State of Texas.

## IV.
## DEFENSES

Defendant asserts that this lawsuit is governed in its entirety by the Medical Liability provisions of Chapter 74 of the Texas Civil Practice & Remedies Code.  Defendant further pleads that all of Plaintiff's claims are "health care liability claims," and Defendant is a "health care provider" as that term is defined in §74.001(a) of the Texas Civil Practice & Remedies Code.

## V.

Pleading further, in the alternative and without waiving the foregoing, Defendant would show that the matters alleged by Plaintiff were wholly and completely unavoidable, and without any negligence on the part of Defendant. In this connection, Defendant would show that any occurrence in question was the result of events and/or conditions wholly beyond the scope and control of Defendant and for which it is not responsible. Defendant would further assert that any injuries, damages or liabilities alleged by Plaintiff are the result, in whole or in part, of a pre-existing medical condition or a medical condition which developed unrelated to any alleged act or omission on the part of Defendant. Such medical conditions caused or contributed to Plaintiff's alleged damages, if any, and such medical conditions were an intervening cause, a new and independent cause, and/or the sole proximate cause of Plaintiff's alleged damages, if any. As in this case, no liability exists for any alleged negligent medical treatment or for other medical conditions in a case where an adverse result would have nevertheless occurred.

## VI.

Pleading further, and in the alternative, without waiving the foregoing, Defendant would show that the occurrence in question was solely caused by persons, entities, instrumentalities, or factors other than this Defendant and over whom Defendant possesses no right of control and had no responsibilities.

## VII.

Pleading further, in the alternative and without waiving the foregoing, Defendant would assert that the actions or omissions of one or more third parties. either acting singularly or in combination, were the proximate cause, contributing cause, the sole proximate cause, or intervening cause(s) of Plaintiff's injuries and damages, if any.

As allowed by Rule 48 of the Texas Rules of Civil Procedure, Defendant asserts its right to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to any settling tortfeasor including a properly joined responsible third party.  TEX. CIV. PRAC. & REM. CODE ANN. §§33.001-33.004, 33.012, 33.013.

## VIII.

Pleading further, in the alternative and without waiving the foregoing, Defendant asserts that Plaintiff's alleged damages, if any, are the result of a new and independent cause which breaks the causal connection, if any, between any alleged acts or omissions by the Defendant and the Plaintiffs' alleged damages.

## IX.

Pleading further, by way of affirmative defense, in the alternative and without waiving the foregoing, Defendant asserts all applicable caps and limitations upon any award of damages, which are provided by law.  Defendant specifically pleads that its liability, if any, which is denied, is limited by Section 74.301, et seq. of the Texas Civil Practice & Remedies Code.

Defendant further pleads Section 74.503 of the Texas Civil Practice & Remedies Code.

Pleading further, by way of affirmative defense, in the alternative and without waiving the foregoing, Defendant asserts that this claim, or portions of the claim, is barred by the statute of limitations.

Pleading further, Defendant specifically denies that all conditions precedent to the filing of this lawsuit have been met.  Defendant specifically denies receiving proper notice of a health care liability claim from Plaintiff pursuant to *Texas Civil Practice & Remedies Code* §§ 74.051 and 74.052. Defendant further specifically denies having received the requisite medical authorization under Chapter 74.

### X.

In the unlikely event that this Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all settlements, loan receipts or Mary Carter type agreements arising from Plaintiff's claims and causes of action.

### XI.

Defendant further asserts the limitation of recovery of damages pursuant to Section 41.0105 of the Texas Civil Practices & Remedies Code.  To the extent Plaintiff seeks recovery for medical bills, expenses, and services incurred, but which were never charged to the Plaintiff or Johnnie Ortegon a/k/a Juan Jose Ortegon and, thus, were never actually paid or in fact incurred by Plaintiffs, Johnnie Ortegon a/k/a Juan Jose Ortegon, or any person or entity on either's behalf, Defendant would show that Plaintiff is not entitled to recover those amounts. Defendant is entitled to credit for any offset or discount from fees for services; specifically, Plaintiff may only recover medical or healthcare expenses that were actually paid or that were incurred by Johnnie Ortegon a/k/a Juan Jose Ortegon or by any person or entity on his behalf. *See* Tex. Civ. Prac. & Rem. Code §41.0105.

### XII.
### U.S. CONSTITUTIONAL DEFENSES AGAINST PRE-JUDGMENT INTEREST

Defendant affirmatively pleads the assessment and award of pre-judgment interest violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such an award constitutes an excessive fine imposed without the protection of fundamental due process. Accordingly, Defendant hereby invokes its rights under the Fifth, Eighth and Fourteenth

Amendments to the United States Constitution and respectfully requests this Court disallow any award of pre-judgment interest for the following reasons:

1. Any award by a jury is to be an amount of money assessed at the time of trial and is to be paid in dollars awarded at the time of trial and, as such, the jury has already factored into its deliberations the change in the value of money from the time of the occurrence in question until the time of trial; and

2. In awarding pre-judgment interest, Plaintiffs, in effect, receive double any pre-judgment increase in the value of their case because a jury has already taken into account the time value of money and pre-judgment interest added to the jury's verdict constituting an award amounting to double recovery.

**XIII.**
**<u>TEXAS STATUTORY DEFENSES AGAINST PRE-JUDGMENT INTEREST</u>**

Defendant further alleges that Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in one or more of the following statutes, as applicable to this case:

1. Article 5069-1.05, Section 6, TEX. REV. CIV. STAT. ANN.;

2. Chapter 41, Section 41.007, TEX. CIV. PRAC. & REM. CODE, ANN; and

3. Texas Finance Code.

**XIV.**

Defendant respectfully reserves the right to file an amended answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center prays that Plaintiff take nothing by reason of this suit, that Defendant recovers its costs, and for such other and further relief, both at law and in equity, to which it is justly entitled.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER**


By: ___/s/ Lori D. Proctor___
               Lori D. Proctor
               State Bar No. 16682400
               J. Jonathan Hlavinka
               State Bar No. 09733250
               909 Fannin St., Suite 3300
               Houston, TX 77010
               (713) 353-2000 – Phone
               (713) 785-7780 – Facsimile
               Lori.Proctor@wilsonelser.com
               Jon.Hlavinka@wilsonelser.com

**ATTORNEYS FOR DEFENDANT
SSC SAN ANTONIO NORTH OPERATING
COMPANY LLC D/B/A NORTHGATE
HEALTH AND REHABILITATION CENTER**


### <u>CERTIFICATE OF SERVICE</u>

     A true and correct copy of the foregoing has been served on the following counsel of record this 12th day of April, 2018, via facsimile & e-filing service pursuant to the *Texas Rules of Civil Procedure*.


Michelle Maloney              Michelle@marynellmaloneylawfirm.com
Marynell Maloney Law Firm, PLLC    (210) 212-8385 – Facsimile
922 South Alamo St.
San Antonio, Texas 78205


                    _____*/s/ Lori D. Proctor*_____
                        Lori D. Proctor

## VERIFICATION

THE STATE OF TEXAS      §
                                 §

COUNTY OF HARRIS      §

       BEFORE ME, the undersigned authority, on this day personally appeared Lori D. Proctor who stated under oath that she is lead counsel for the Defendant in this action; that she has read Defendant's Original Answer; and that every statement contained in Section Three, entitled "Verified Denial" is within her personal knowledge and is true and correct.

_____

Lori D. Proctor

       SWORN TO and SUBSCRIBED before me on this **12**th day of April, 2018, to certify which witness my hand and seal of office.

_____

NEIL C. M. OLSEN
Notary Public, State of Texas
Comm. Expires 11-16-2020
Notary ID 125119762

Notary Public in and for the State of Texas

My Commission Expires: _**Nov. 16, 2020**_

FILED
4/12/2018 2:44 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Sara Araiza

CAUSE NO. 2018CI04718

| | | |
|---|---|---|
| GRACIELA AYALA, Individually as Wrongful Death Beneficiary of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, Deceased, and GRACIELA AYALA, as Executrix of the Estate of JOHNNIE ORTEGON A/K/A JUAN JOSE ORTEGON, Deceased, | § § § § § § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § | |
| VS. | § § | 73RD JUDICIAL DISTRICT |
| SSC SAN ANTONIO NORTH OPERATING COMPANY LLC D/B/A NORTHGATE HEALTH AND REHABILITATION CENTER, | § § § § | |
| DEFENDANT. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY TRIAL

**TO THE HONORABLE COURT:**

COMES NOW SSC San Antonio North Operating Company LLC d/b/a Northgate Health and Rehabilitation Center who respectfully demands a trial by jury pursuant to the provisions of the Texas Rules of Civil Procedure (and subject to its rights to seek mediation and/or arbitration in accordance with the Dispute Resolution Program between the parties). Defendant also tenders the requisite fee.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER**

By: ___/s/ Lori D. Proctor___
Lori D. Proctor
State Bar No. 16682400
J. Jonathan Hlavinka
State Bar No. 09733250

909 Fannin St., Suite 3300
Houston, TX 77010
(713) 353-2000 – Phone
(713) 785-7780 – Facsimile
Lori.Proctor@wilsonelser.com
Jon.Hlavinka@wilsonelser.com

**ATTORNEYS FOR DEFENDANTS
SSC SAN ANTONIO NORTH OPERATING
COMPANY LLC D/B/A NORTHGATE
HEALTH AND REHABILITATION CENTER**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on the following counsel of record this 12th day of April, 2018, via facsimile & e-filing service pursuant to the *Texas Rules of Civil Procedure*.

Michelle Maloney                         Michelle@marynellmaloneylawfirm.com
Marynell Maloney Law Firm, PLLC          (210) 212-8385 – Facsimile
922 South Alamo St.
San Antonio, Texas 78205

_____*/s/  Lori D. Proctor*_____
Lori D. Proctor